CITY OF GREENWOOD v. THOMAS R. HENDERSON ET AL.

MUNICIPALITIES. *Judicial acts. Appeal. Code 1892, § 79.*

> Under Code 1892, § 79, providing that on appeal from the mayor and ·board of aldermen of a municipality the circuit court shall hear and determine the case "as presented by the bill of exceptions as an appellate court," it is not competent for the court to consider oral testimony even by agreement of the parties, although the witnesses be none other than those examined before the municipal authorities.

FROM the circuit court of Leflore county.

HON. WILLIAM F. STEVENS, Judge.

Proceedings by Henderson and others, appellees, protesting against the adoption of an official map by the city of Greenwood. From an order of the municipal authorities adopting the map over the protest an appeal was taken to the circuit court. From the judgment of the circuit court reversing the order the city appealed to the supreme court.

The mayor and board of aldermen of the city of Greenwood, acting under Acts 1898, p. 63, ch. 42, passed an order to have a survey and map of the city made, which was done, and placed on file in the mayor's office. Appellees filed in said office protests setting up reasons why the map should not be adopted as the official map of the city. Upon the hearing of these protests witnesses were examined concerning the correctness and accuracy of the map, and an order was passed adopting the map, and from that order an appeal was taken to the circuit court; and in trying the appeal the circuit court heard the oral evidence of several witnesses, and rendered a judgment reversing the order made by the mayor and board of aldermen.

*Lomax & Tyson,* for appellant.

The court erred in trying *de novo* the appeal from the action of the board of mayor and aldermen in adopting map of Johnson as official map of the city of Greenwood. Authority for appeal in this case is given by § 79, Annotated Code 1892, and appeal to circuit court can be had only by method therein prescribed, the appeal not being a matter of right, but being created by statute.

Requirements of statute for taking and perfecting appeals are deemed jurisdictional, and must be strictly complied with. 2 Ency. Pl. & Pr., 16; *Lyles* v. *Barnes,* 40 Miss., 608.

In a case appealed to circuit court from action of board of supervisors, under a statute identical with the one under which this appeal was taken, the supreme court held that such appeal must be taken and tried on bill of exceptions in order to confer jurisdiction on circuit court as an appellate court. *Bridges* v. *Supervisors,* 57 Miss., 253.

The agreement of W. S. Vardaman, mayor, that oral evidence might be heard on the trial of the case in circuit court was of no binding effect, for the reason that agreement of parties could not confer on the court a jurisdiction which it did not

have by law.   2 Am. & Eng. Ency. Law, 24; *Lyles* v. *Barnes,* 40 Miss., 610; *Lester* v. *Harris,* 41 Miss., 668.

*S. R. Coleman,* for appellees.

There was a bill of exceptions on file, and the only way to have attacked it for insufficiency was by motion to strike out or to quash (3 Ency. Pl. & Pr., 498, 499); and, besides, the agreement was not that the case should be tried anew, in the circuit court, but that the witnesses who testified orally before the board could be examined in the circuit court, making quite a difference from the case of *Bridges* v. *Supervisors,* 57 Miss., 252.

CALHOON, J., delivered the opinion of the court.

We are constrained to hold that an appeal from a municipal board to a circuit court can be heard only on a bill of exceptions "embodying the facts and decisions of the board," under § 79, Code 1892.   The appeal must be heard and decided on the record so made, and cannot be considered on oral testimony by agreement of the parties, whether or not confined to witnesses examined before the board.   It is jurisdictional under the statute.

*Reversed and remanded.*

### SUGGESTION OF ERROR.

After the delivery of the foregoing opinion the following suggestion of error was filed:

*McWillie & Thompson,* and *S. R. Coleman,* for appellees.

The appellees, by the undersigned, their attorneys, respectfully suggest to the court that it committed error in its judgment reversing and remanding this cause.

The error does not consist so much, in our judgment, in the holding by this court as expressed in its opinion that an appeal from a municipal board to the circuit court can be heard only

on a bill of exceptions embodying the facts and decisions of the board under Code 1892, § 79, as in holding *by implication* that there was no bill of exceptions shown of record in this case. There is a bill of exceptions of record. This bill of exceptions (*though not called a bill of exceptions*) is found of record. It was approved and signed by the mayor on the 2d day of August, 1899, and attested by the clerk *pro tem* of the municipal court. This bill of exceptions shows that an agreement as to maps and plats of the town or city was introduced in evidence and was the first evidence offered after the introduction of a copy of the minutes of the municipality touching the matter in controversy. The agreement was attached to the bill of exceptions, and of course a part thereof. Thereafter various witnesses were introduced, and the agreement made that they might testify orally in the trial on an appeal, and the agreement was reduced to writing and is made a part of the bill of exceptions. On page 11 of the record we find this agreement, which is a part of the bill of exceptions. It is as follows:

"It is agreed by said board and said protestants that there are of record the plats of the Douglass part, Henry addition, Johnson survey, and Moore addition to the former town, now city, of Greenwood, and the only original plat not of record is the Howard part.

"It is further agreed that a map of all parts of said town, now city, of Greenwood is, and has been, in the mayor's office, made by a competent surveyor. Said map has not been adopted as the official map."

Our opinion is that this bill of exceptions properly carried the case to the circuit court, and it ought there to have been heard on the bill of exceptions. The circuit court had jurisdiction because the bill of exceptions was a part of its record. The question of its sufficiency to settle the case in favor of the protestants is another and a different matter from one of jurisdiction.

We insist that the bill of exceptions was sufficient to show that the municipal authorities of Greenwood were without power in the premises; and, being without power, its judgments should have been vacated by the circuit court, as was done. The only statutory or other power in the premises conferred by the legislature on municipalities is found in ch. 42, Laws Miss. 1898, p. 63, and it will be noted that this statute does not confer such power *on all municipalities.* The statute simply authorizes *"the boards of mayor and aldermen and boards of mayor and councilmen of any cities, towns, and villages in this state, the survey or surveys, maps and plats thereof, which have been lost or destroyed without having been recorded, or where they have no such surveys, maps, or plats,"* to act in the premises by providing for a new survey and maps. The city of Greenwood is shown by the bill of exceptions not to be within the terms of this statute. The agreement, a part of the bill of exceptions, negatives the idea that the previous survey or surveys, maps and plats of Greenwood had been lost or destroyed without having been recorded, and it also negatives the idea that there were never before maps and surveys of Greenwood. Whatever may have been testified to by witnesses orally cannot be conceived to have negatived this written agreement of the parties litigant to this suit. An examination of their testimony in this record is convincing that they did not negative the agreement, which is a part of the bill of exceptions.

We have, therefore, this case: An appeal was presented from the board of mayor and aldermen of the city of Greenwood to the circuit court. This appeal is based upon a duly signed bill of exceptions made a part of the record. It is true that the bill of exceptions contains *an agreement* that the witnesses who had testified before the municipal court might testify orally in the circuit court, but the bill of exceptions does contain an agreement between the parties litigant made before and in the presence of and filed with the board of aldermen, showing previous maps, plats, and surveys of the city of Greenwood, and

that they were still in existence. This showing, we contend, was sufficient for the determination of this case in favor of the appellees. The agreement showed clearly that the municipal authorities were without *power under the statute;* and being without power, their judgment, whatever it was in the premises, should have been reversed, vacated, and. annulled by the circuit court; and this being true, the right result was reached in the circuit court; and the right result having there been reached, this court ought to have affirmed its judgment.

*This suggestion of error was by the court overruled.*