In re EAST NESHOBA VOCATIONAL HIGH SCHOOL BONDS.

Jan. 21, 1952.

No. 38409 (56 So. (2d) 394)

W. T. Wier, for appellants.

Clayton Lewis, J. B. Hillman and Wm. A. Bacon, State's Bond Attorney, for appellee.

Holmes, J.

This suit involves the question of the validity of bonds to the amount of $40,000 ordered to be issued by the Board of Supervisors of Neshoba County for the benefit of the East Neshoba County Vocational High School District, and more particularly for the purpose of providing funds to erect and equip a school building in said district. The bonds in question are proposed to be issued under the authority of Chapter 231 of the Mississippi Laws of 1950. The East Neshoba County Vocational High School District is a line school with its territory located partly in Neshoba County and partly in Kemper County, having the greatest assessed valuation of taxable property within such district in Neshoba County. Section 8 of Chapter 231 of the Laws of 1950, reads in part as follows:

"If the territory of such school district lies in two or more counties, bonds may be issued as provided herein by

the board of supervisors of the county having the greatest assessed valuation of taxable property within such district, upon petition of a majority of the qualified electors residing within the district as a whole. In such cases, a counterpart of the petition shall be separately circulated in that part of the district situated within each of the counties involved, and the said petitions shall be filed with the respective boards of supervisors. Each such board shall thereupon determine, by resolution entered upon its minutes, the number of qualified electors of such county residing within such district, and the number of qualified electors of such district who have signed such petition, and shall transmit a certified copy of such resolution of such petition to the board of supervisors of the county having the greater assessed valuation of taxable property within such district. The latter board shall thereupon determine, by resolution entered upon its minutes, the total number of qualified electors residing within such district as a whole, and the total number of qualified electors of such district who have signed such petitions. If the latter board thereupon finds and determines that such petitions have been signed by a majority of all of the qualified electors residing within such district, regardless of county lines, such board may proceed to issue bonds in the amount and for the purpose set forth in such petition;'' etc.

In conformity with the requirements of the quoted provisions of Section 8 of Chapter 231 of the Mississippi Laws of 1950, petitions were separately circulated in that portion of the territory lying in Kemper County and also in that portion of the territory lying in Neshoba County, praying for the issuance of the bonds in question, the petitions in each instance being signed by a majority of the qualified electors in the respective parts of the school district, and said petitions so signed were presented to the respective boards of supervisors of said counties. The Board of Supervisors of Kemper County determined by resolution entered upon its minutes the number of quali-

fied electors of such county residing within the said district and determined that said petition was signed by a majority of the qualified electors of that part of the district lying in Kemper County, and ordered and directed that a certified copy of the petition and resolution be transmitted to the Board of Supervisors of Neshoba County, and this was accordingly done. The Board of Supervisors of Neshoba County determined, by resolution entered upon its minutes, the total number of qualified electors residing in the school district as a whole and the total number of qualified electors of such district who signed the petition and also found and determined that the said petitions presented to the respective boards of supervisors were signed by a majority of all of the qualified electors residing within the school district regardless of county lines, and accordingly ordered and directed the issuance of the bonds in accordance with the prayer of the respective petitions. On a hearing of the matter before the Board of Supervisors of Neshoba County, A. H. Williamson, C. H. Gray, and Johnnie Williamson, resident citizens and taxpayers of the territory embraced in the said school district, and the appellants herein, filed objections to the issuance of said bonds, objecting thereto upon the grounds, first, that the said school district was not lawfully organized and did not legally exist; second, that the issuance of the bonds would result in a confiscation of the property of the district; third, that the school board had no legal authority to create a school district; fourth, that the petitions praying for the issuance of the bonds were not in conformity with law; fifth, that the alleged proposed school building was not located as required by law; and sixth, that the question of the issuance of the bonds had been previously adjudicated. No proof was introduced before the board of supervisors in support of the objections filed to the issuance of the bonds. The Board of Supervisors of Neshoba County, by resolution entered on its minutes, adjudicated all jurisdictional facts, adjudicating among other things that

the school district had been lawfully created and legally existed and that the amount of the proposed bonds when added to all other outstanding bonded indebtedness of the district would not exceed any debt limitation, and that the respective petitions had been signed by a majority of all of the qualified electors of the district and thereupon ordered and directed the issuance of the bonds. From this order of the board of supervisors, the objectors appealed to the circuit court, and the circuit court affirmed the order of the board of supervisors of Neshoba County.

The respective petitions were, in all respects, in full conformity with the requirement of Section 8 of Chapter 231 of the Laws of 1950. On the hearing of the cause in the circuit court, the objectors offered to introduce proof in support of their objection that the school district had not been legally organized and that the amount of the bonds added to the other outstanding indebtedness of the district exceeded the debt limitation. Objection was made to the introduction of this testimony and the same was sustained.

The contention of the appellants that the question of issuance of the bonds in question had been previously adjudicated is in our judgment without merit. The contention is based upon the decision of this Court in the case of Marshall v. Williamson, Miss., 47 So. (2d) 814. That case, however, dealt with an entirely different proposed issue of bonds and has no application to the issue of bonds here involved. The appeal which the appellants prosecuted from the order of the Board of Supervisors of Neshoba County to the circuit court was under and pursuant to Section 1195 of the Mississippi Code of 1942. This section provides that any person desiring to appeal from a decision of the board of supervisors shall, within ten days of the date of adjournment of the board, embody the facts, judgment and decision in a bill of exceptions, which bill of exceptions, when properly

signed, under the requirements of the statute, must be transmitted to the circuit court. It is further provided in this section that the circuit court shall hear and determine the appeal on the case as presented by the bill of exceptions as an appellate court and shall affirm or reverse the judgment of the board of supervisors. The bill of exceptions in the instant case embraced all of the proceedings before the board of supervisors of Neshoba County, including copies of the respective petitions and copies of the respective resolutions and of the objections, but did not embrace any facts or testimony before the board of supervisors, since no evidence in support of the objections was introduced before the board of supervisors.

Under the provisions of said Section 1195 of the Mississippi Code of 1942, the circuit court had authority to hear and determine the matter only on the case as presented by the bill of exceptions as an appellate court, and hence the trial court was correct in refusing to permit the introduction of evidence on the hearing of the cause in the circuit court. This question was expressly decided by this court in the case of City of Greenwood v. Henderson, 84 Miss. 802, 37 So. 745, wherein the Court, speaking through Justice Calhoon, said: "We are constrained to hold that an appeal from a municipal board to a circuit court can be heard only on a bill of exceptions 'embodying the facts and decisions of the board,' under section 79 of the Revised Code of 1892. The appeal must be heard and decided on the record so made, and cannot be considered on oral testimony by agreement of the parties, whether or not confined to witnesses examined before the board. It is jurisdictional, under the statute."

We have carefully considered the other objections of appellants to the proposed bond issue and find no merit therein. We are of the opinion that the proceedings for the issuance of the bonds were in all respects lawful and that the judgment of the circuit court in affirming the order of the Board of Supervisors of Ne-

152

shoba County directing the issuance of the bonds was correct. The judgment of the court below is therefore affirmed.

Affirmed.

**Alexander, Hall, Kyle** and **Arrington, JJ.,** concur.