## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-CT-00752-SCT

*WILKINSON COUNTY BOARD OF SUPERVISORS*

*v.*

*QUALITY FARMS, INC.*

### ON WRIT OF CERTIORARI

DATE OF JUDGMENT:          01/15/1998

TRIAL JUDGE:          HON. FORREST A. JOHNSON, JR.

COURT FROM WHICH APPEALED:          WILKINSON COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:          EVERETT T. SANDERS

ATTORNEY FOR APPELLEE:          EDWARD P. LOBRANO, JR.

NATURE OF THE CASE:          CIVIL - CONTRACT

DISPOSITION:          REVERSED AND REMANDED - 09/28/2000

MOTION FOR REHEARING FILED:

MANDATE ISSUED:          10/19/2000

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. This case arises out of a written contract under which Quality Farms, Inc. was to provide garbage collection services for Wilkinson County. Quality Farms appealed to the Wilkinson County Circuit Court from the denial of its claim against the Wilkinson County Board of Supervisors for additional services rendered to the county during the term of the contract. At the initial hearing the circuit court remanded the matter to the Board of Supervisors for additional consideration. The Board again denied the claim, and Quality Farms appealed the decision to the circuit court. At a final hearing the circuit court found that the claim should be satisfied to the extent of $9,000. The Board of Supervisors appealed, and the Court of Appeals affirmed the findings of the Wilkinson County Circuit Court and denied the Board's Motion for Rehearing on October 26, 1999. We granted the Board's Petition for Writ of Certiorari on February 10, 2000.

¶2. We find that no proper bill of exceptions was filed in the circuit court so as to confer jurisdiction on the circuit court in this matter. As a result, we must reverse the judgment of the Court of Appeals, reverse the circuit court's judgment, and remand this case for further proceedings consistent with this Court's decision in **Reed v. Adams**, 236 Miss. 333, 111 So. 2d 222 (1959).

### STATEMENT OF THE FACTS

¶3. The Wilkinson County Board of Supervisors entered into a contract with Quality Farms, Inc., for residential garbage collection within the county over a twenty-four month period to begin on December 7,

1992. Under the terms of the contract, Quality Farms was to submit its bill to the County by the 24th of each month. The base rate of the contract for the first year was $16,500 per month for service to 2,750 households, and $6 per household for each additional household. For the second year, the rate would be the same with the base number of households raised to 3,000. The contract also stated that the County would be responsible for determining what constituted a "household" and for collecting the fees, while Quality Farms was to assist the billing clerk in identifying the number of households serviced.

¶4. Over the two-year term of the contract, Quality Farms submitted its requests for payment of the monthly base rate. On December 30, 1994, Quality Farms submitted an additional invoice to cover the costs of servicing the additional households-$18,000 for the first year for servicing an additional 250 households per month, and $9,000 for the second year for servicing an additional 125 households per month. The Board of Supervisors rejected this bill, and Quality Farms appealed to the Wilkinson County Circuit Court. The circuit court remanded the matter to the Board for reconsideration, stating that the record was unclear as to whether Quality Farms was entitled to the additional payment.

¶5. On remand, the Board reviewed its clerk's billing records and a revised statement from Quality Farms. The figures showed that Quality Farms serviced an additional 170 households per month over the course of the two-year contract, rather than the 250 households per month initially claimed by Quality Farms for the first year and 125 households for the second year. The Board again denied Quality Farms' claim on the basis that the bill for additional services was not submitted with the original invoices in accordance with the terms of the contract.

¶6. The circuit court thereafter held its final hearing on the matter and denied Quality Farms' claim of additional compensation for the first year of the contract based upon the untimeliness of the claim. The circuit court awarded Quality Farms the $9,000 for the second-year service to additional households, finding that the invoice was timely submitted within thirty days of the contract's end. Although the records indicated that Quality Farms might otherwise be entitled to $12,240 for the additional 170 households per month serviced during the second year, the circuit court found that Quality Farms' recovery was limited to the $9,000 amount charged in the December 30, 1994, invoice.

¶7. The Board of Supervisors appealed, and the Court of Appeals affirmed the circuit court's judgment as being supported by a preponderance of the evidence. ***Wilkinson County Bd. of Supervisors v. Quality Farms, Inc***., No. 98-CA-00752-COA (Miss. Ct. App. 1999). Presiding Judge King, joined by Judge Payne, dissented, rejecting the majority's position that Quality Farms timely submitted its invoice for the second-year additional households. Presiding Judge Southwick, joined by Chief Judge McMillin and Presiding Judge King, also wrote a dissent expressing his opinion that the timeliness of the claim was irrelevant, because no proper bill of exceptions was ever presented to the circuit court, and that the circuit court's reversal of the Board's decision was based upon evidence not in the record. The Board timely filed in this Court a Petition for Writ of Certiorari, which was granted on February 10, 2000.

## STATEMENT OF THE LAW

### I. WHETHER THE COURT OF APPEALS EMPLOYED AN IMPROPER STANDARD OF APPELLATE REVIEW IN THIS CASE.

¶8. The Board asserts that the Court of Appeals applied the wrong standard of review in this case. The Court of Appeals, citing ***Barnes v. Board of Supervisors,*** 553 So. 2d 508, 510-11 (Miss. 1989),

declared that the level of review in an appeal from an adjudicative action of a board of supervisors is proof by a preponderance of the evidence. The Board maintains that the actions of a board of supervisors may not be disturbed on appeal unless it is clearly shown that its actions were arbitrary, capricious, discriminatory, illegal, or without a substantial evidentiary basis. We recently addressed the proper standard of review in appeals from a circuit court's review of a municipal authority's decision in *Hooks v. George County*, 748 So. 2d 678 (Miss. 1999):

> The standard of review for this case is substantial evidence, the same standard which applies in appeals from decisions of administrative agencies and boards. *Barnes v. Board of Supervisors*, 553 So. 2d 508, 511 (Miss. 1989). "The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party." *Board of Law Enforcement Officers Standards & Training v. Butler*, 672 So. 2d 1196, 1199 (Miss. 1996). Substantial evidence has been defined as "such relevant evidence as reasonable minds might accept as adequate to support a conclusion" or to put it simply, more than a "mere scintilla" of evidence. *Johnson v. Ferguson*, 435 So. 2d 1191, 1195 (Miss. 1983).

*Hooks*, 748 So. 2d at 680. Contrary to this well-settled standard of review, the Board maintains that the circuit court and the Court of Appeals reapplied the burden of proof facing Quality Farms in its presentation before the Board of Supervisors, thereby substituting their judgment for that of the Board.

¶9. The Court of Appeals misconstrued this Court's opinion in *Barnes* and applied an inappropriate standard of review. In *Barnes*, we distinguished other appeals from zoning decisions by municipalities, being legislative acts, and declared that in appeals from adjudicative decisions:

> [T]he burden is upon the applicants to prove by a preponderance of the evidence that they have met the elements/factors essential to obtaining the conditional use permit. If the Board's decision is founded upon *substantial evidence*, then it is binding upon an appellate court, i.e., the Circuit Court and this Court. *This is the same standard of review which applies in appeals from decisions of other administrative agencies and boards*.

*Barnes*, 553 So. 2d at 511 (emphasis added). As pointed out above, we applied our *Barnes* decision in *Hooks* and held that the appropriate standard of review was substantial evidence, the same standard as applies in appeals from administrative agencies, which requires a finding that the board's decision was "unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party" before it may be overturned on appeal. *Hooks*, 748 So. 2d at 680.

¶10. The Board is correct that the Court of Appeals improperly reviewed the Board's decision based upon the preponderance of the evidence standard which should only be employed by the Board itself in reviewing the claim before it. Although the second issue raised by the Board is controlling in this case, we address this issue to clarify the appropriate standard of review in an appeal from an adjudicative action of a board of supervisors.

### II. WHETHER THE JUDGMENT OF THE COURT OF APPEALS IS CONTRARY TO EXISTING MISSISSIPPI SUPREME COURT CASE LAW, IN FINDING THAT THE CIRCUIT COURT DID NOT CONSIDER EVIDENCE IMPROPERLY BEFORE IT.

¶11. The Board also asserts that the Court of Appeals erred in upholding the circuit court's judgment, because the circuit court considered evidence outside of the bill of exceptions. In *Hooks*, we reiterated the premise in question:

> In an appeal from the decision of a municipal authority, Miss. Code Ann. § 11-51-75 (1972) states that the person aggrieved may "embody the facts, judgment and decision in a bill of exceptions" which will be transmitted to the circuit court acting as an appellate court. Miss. Code Ann. § 11-51-75 (1972). The bill of exceptions serves as the record on appeal, and we have held that "[t]he circuit court can only consider the case as made by the bill of exceptions. This is the only record before the circuit court, as an appellate court." *Stewart v. City of Pascagoula*, 206 So. 2d 325, 328 (Miss. 1968).

*Hooks*, 748 So. 2d at 680.

¶12. Specifically, the Board points to the circuit court's finding that an average of 2,920 customers were billed per month by the Board during the contract term. The Court of Appeals majority conceded that this information was not contained in the bill of exceptions or the amended bill of exceptions. However, they held that the circuit court was allowed to consider the record made before the Board on remand, including a statement by counsel for Quality Farms indicating that the average county billing was 2,920 per month. In so holding, the Court of Appeals pointed to this Court's decision in *Thornton v. Wayne County Election Comm'n*, 272 So. 2d 298, 301 (Miss. 1973). Therein, this Court stated:

> The circuit court reviews the record made before the board, of the testimony made or proferred [sic], to determine whether or not the acts and orders of the board are reasonable and proper or arbitrary or capricious or beyond the power of the board to make or whether they violate any constitutional right of the complaining party. . . .
>
> We have repeatedly held that an appeal from a board of supervisors or city by a bill of exceptions, as is provided by Section 1195, Mississippi Code 1942 Annotated (Supp. 1972), is an appeal to an appellate court and the circuit court is bound by the record made before the board.

*Thornton*, 272 So. 2d at 301. Section 11-51-75, governing appeals from municipal authority judgments, requires that the circuit court shall decide such a case "as presented by the bill of exceptions as an appellate court. . ." Miss. Code Ann. § 11-51-75 (1972). The statute also provides that the appealing party "may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities." *Id*.

¶13. We find that the language in *Thornton* indicating that the circuit court may review testimony from the board hearing is limited to such testimony as has been included in the bill of exceptions. This reading is consistent with the dictates of § 11-51-75 and other case law of this Court and of the Court of Appeals. *Hooks*, 748 So. 2d at 680; *Cox v. Board of Supervisors of Madison County*, 290 So. 2d 629, 630 (Miss. 1974); *Stewart v. City of Pascagoula*, 206 So. 2d 325, 328 (Miss. 1968); *East Neshoba Vocational High Sch. Bonds v. Board of Supervisors*, 213 Miss. 146, 151, 56 So. 2d 394, 396 (1952); *Hall v. Franklin County*, 184 Miss. 77, 185 So. 591, 594 (1939); *City of Greenwood v. Henderson*, 84 Miss. 802, 37 So. 745, 745-46 (1905);*Van Meter v. City of Greenwood*, 724 So. 2d 925, 928 (Miss. Ct. App. 1998). As Judge Southwick pointed out in his dissenting opinion, the average monthly number of households billed by the county, whatever its relevance, the invoices submitted by

Quality Farms, and the computer printout of disbursements by the county were not made a part of the bill of exceptions or the amended bill of exceptions. Therefore, they should not have been considered by the circuit court.

¶14. Moreover, as Judge Southwick stated the amended bill of exceptions was not signed by the board president, so it was not properly presented in this case.

> The general rule with respect to bills of exceptions when presented to the proper official for signature appears to be that such officer or official cannot arbitrarily refuse to sign and return the bill of exceptions merely because he deems the same to be incorrect, but that it is his duty to point out wherein he deems the same to be incorrect, and to note his corrections thereon, and to sign the same as correct.
>
> . . . .
>
> If he deemed incorrect the bill of exceptions presented to him, he was under an implied duty to point out wherein he deemed the same incorrect so that the aggrieved parties might have an opportunity to amend the same, and then to sign the same as corrected.

*Reed v. Adams*, 236 Miss. 333, 340-41, 111 So. 2d 222, 224-25 (1959). In this case, the board president did sign the original bill of exceptions, under the statement "Acknowledged by (without agreeing to the facts herein stated)." However, rather than following the procedure for submitting a corrected bill of exceptions, the Board filed a response to the bill of exceptions, and to the amended bill of exceptions, in the form of an answer to a complaint, admitting or denying the allegations therein. Moreover, following the circuit court's remand of the matter back to the Board for further consideration, no amended bill of exceptions was filed whatsoever to take the appeal back to the circuit court for final determination.

> If the bill of exceptions is not complete and is fatally defective in that pertinent and important facts and documents are omitted therefrom, then the court does not have a record upon which it can intelligently act. This Court has held that a proper bill of exceptions on appeal is necessary to confer jurisdiction on the appellate court.

*Stewart v. City of Pascagoula*, 206 So. 2d 325, 328 (Miss. 1968). In *Stewart*, this Court held that the circuit court correctly dismissed an appeal taken from the decision of a city council, because the circuit court lacked jurisdiction to hear the matter due to a fatally defective bill of exceptions. *Id*. In this case, the circuit court should have taken similar action.

**CONCLUSION**

¶15. Because the circuit court acted without proper jurisdiction over the dispute in question due to a fatally defective bill of exceptions, we reverse the judgment of the Court of Appeals, reverse the circuit court's judgment, and remand this case to the circuit court with instructions to allow the parties to file a proper amended bill of exceptions following the procedure outlined in *Reed*, *supra*.

¶16. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

> **PRATHER, C.J., BANKS, P.J., MILLS, WALLER AND COBB, JJ., CONCUR.**

**PITTMAN, P.J., CONCURS IN RESULT ONLY. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶17. Because the majority's disagreement with the Wilkinson County Circuit Court and the Court of Appeals in this case is misguided, I dissent. Since the majority holds that the circuit court had no jurisdiction, then how can the circuit court proceed on remand? Either it has jurisdiction or it does not. The majority then finds the judgment of the Court of Appeals contrary to current Mississippi case law and agrees with the dissent from the Court of Appeals which states that the circuit court erred in its ruling by considering evidence outside the bill of exceptions.

¶18. The majority agrees with the arguments presented by the Wilkinson County Board of Supervisors ("Board"). In this case, Quality Farms ("Quality") had a contract with the Board to provide garbage collection and disposal services for a twenty-four month period, commencing on December 7, 1992. On December 30, 1994, Quality presented an additional invoice to Wilkinson County ("County") for services rendered in excess of the base rate of the contract for both years of the contract. Quality billed the County $18,000 in excess of their contract payment for the first year, claiming it had serviced an additional 250 households, and it charged the County an additional $9,000 for the second year for an excess of 125 households. The Board rejected these bills, and Quality appealed the Board's decision to the Wilkinson County Circuit Court. The circuit court remanded the case back to the Board for reconsideration at which point the Board was furnished with billing figures from its clerk and a revised statement from Quality based on these billing figures.

¶19. After reconsideration, the Board again denied the claims of Quality. Quality again appealed this decision to the circuit court which denied Quality's first claim of $18,000, stating that the claim was not timely made, and allowed the $9,000 claim because it was timely. The Board appealed this decision to the Court of Appeals, and this Court granted certiorari on February 10, 2000.

¶20. The Board argues the supplemental documents provided to the Board on remand from the circuit court should not be considered by the circuit court on appeal because the documents were not part of the original bill of exceptions or an amended bill of exceptions. The Board asserts the bill of exceptions should be the only record considered on appeal by a circuit court. *Stewart v. City of Pascagoula*, 206 So. 2d 325, 328 (Miss. 1968). The bill of exceptions provides the record for the circuit court, as an appellate court, and the circuit court cannot go outside of the record on review of the board's decision on appeal. A proper bill of exceptions is necessary to confer jurisdiction on the appellate court. *Id.* Therefore, the Board claims that the jurisdiction of the circuit court after remand was no longer proper.

¶21. What the majority fails to recognize or address in the present case is that the circuit court had proper jurisdiction over the case, *initially*, when Quality appealed from the Board's decision. Then, under the proper jurisdiction of the circuit court, the case was remanded to the Board for reconsideration. It was at this time that additional billing figures and a revised statement from Quality was submitted to the Board, and the Board reviewed this information in making its second determination of Quality's claims. After the Board's second ruling, Quality again appealed to the circuit court, which made its final judgment based on the bill of exceptions as well as any additional information that had been provided the Board in their reconsideration of the matter.

¶22. *City of Biloxi v. Hilbert*, 597 So. 2d 1276 (Miss. 1992), discussed a situation similar to the one in the present case. There the approval of a zoning application by the city council was objected to by a property owner who filed a timely appeal and a bill of exceptions to the circuit court. The circuit court remanded the case to the city council for a factual determination of the applicability of an enhanced, statutory voting requirement. The circuit court, acting as an appellate court, entered a final judgment finding the action by the city council to be "arbitrary, capricious, and discriminatory." The city council appealed the decision of the circuit court to Supreme Court for review. *Id.* at 1278.

¶23. On appeal, the city council asserted that the circuit court did not have jurisdiction because Hilbert did not file a second bill of exceptions appealing the findings made by the city council on remand. The circuit court stated they had continuing jurisdiction over the matter. *Id.* at 1278. From the facts of *Biloxi*, it is shown that on March 6, 1989, the city council reviewed the matter again and found there was an insufficient number of voters to invoke the two-thirds voting element required by statute. This finding was filed with the circuit clerk on March 10, 1989. *Id.* In *Biloxi*, this Court stated, "on October 3, 1989, the circuit court found it had '**continuing jurisdiction**' of the matter when it sustained a second suggestion of record diminution filed by Hilbert, and denied a motion to dismiss by the City of Biloxi. On January 10, 1990, after examining the record and finding it complete, the court pronounced final judgment." *Id.* 1278-79.

¶24. The *Biloxi* Court further stated that it was clear that the order remanding the case to the city council "was not intended to constitute a final judgment contemplated by Miss. Code Ann. § 11-51-75 (1972); rather, **the circuit court, sitting as an appellate court, retained jurisdiction pending record expansion and supplementation.**" *Id.* at 1279 (emphasis added).

¶25. The *Biloxi* Court reinforced the above point by stating that the Court itself allowed this procedural concept through Miss.Sup.Ct.R. 14(b). Rule 14(b) "gives this Court the authority to remand a case on appeal to the trial court for further development and determination of issues of fact." *Id.*

¶26. The majority places a great emphasis on the fact that the information used by the Board to make its second determination was not contained in a bill of exceptions or an amended bill of exceptions. However, the majority is misguided in its conclusion in that it fails to recognize a vital point from the case. It is undisputed that the circuit court had proper jurisdiction when it made its initial decision to remand the case to the Board. The Board reviewed the additional information, on remand, at the direction of the circuit court.

¶27. The majority cites a significant amount of case law which states that the appellate court should not go outside the record as provided by the lower court, and that the bill of exceptions and any amendments to it should provide the record for the appellate court. However, the majority fails to address the issue of jurisdiction by the circuit court. Surely, when an appellate court remands the case for further review or reconsideration, the appellate court does not lose its jurisdiction because of the technical form of the evidence. In addition, since the appellate court, in a matter such as the one before the court, can only consider the evidence using the "substantial evidence" standard, as opposed to the "preponderance of the evidence" standard, the appellate court should be given even more flexibility in the evidence it may review. Further, if the circuit court does not have jurisdiction, then what does it have to review upon remand? Nothing!

¶28. Therefore, I would affirm the judgment of the Court of Appeals in favor of Quality Farms. Accordingly, I dissent.