828 So.2d 202 (2001)
Carl BRANDON, Appellant,
v.
CLAIBORNE COUNTY, Mississippi; Charles Johnson, Individually; Edward Carter, Individually; Joel Grigsby, Individually; and Albert Butler, Individually, Appellees.
No. 2000-CA-00957-COA.
Court of Appeals of Mississippi.
November 20, 2001.
Rehearing Denied April 9, 2002.
Certiorari Denied October 10, 2002.
*204 Everett T. Sanders, Natchez, Attorney for Appellant.
Robert O. Allen, Sally Burchfield Doty, Allen, Allen, Brookhaven, James D. Shannon, Hazlehurst, Kelley Mitchell Berry, Attorneys for Appellee.
Before McMILLIN, C.J., BRIDGES, and CHANDLER, JJ.
BRIDGES, J., For The Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. This appeal concerns the termination of Carl Brandon from his job as the road manager of Claiborne County, Mississippi. On May 6, 1997, Kelly Savage, a female employee of the Claiborne County Road Department, reported to one of Brandon's superiors that Brandon had sexually harassed her. Savage followed up this oral complaint two days later with a written complaint. She stated that Brandon made advances toward her on two occasions and that she declined those advances. Savage charges that Brandon began treating her differently and requiring her to perform tasks that were not in her job description because she would not submit to his overtures. Brandon made a written response to Savage's allegations denying that he ever made passes at Savage or ever treated her differently at work. On May 12, 1997, Brandon was suspended with pay pending a hearing on the matter.
¶ 2. A hearing took place before an ad hoc committee, which was formed by the Claiborne County Board of Supervisors, to specifically uncover the facts regarding Savage's complaints against Brandon. A decision was made by the committee to recommend Brandon's termination from his job as road manager because the members of the committee believed that the incidents of sexual harassment had occurred and that Savage was telling the truth. The committee then submitted a written report to the Board of Supervisors stating their findings and recommendations. Based on these findings and recommendations, the Board voted to terminate Brandon as of May 15, 1997.
¶ 3. Subsequently, Brandon requested a full hearing before the Board and his request was granted. At this hearing, Brandon was represented by counsel and was allowed to testify on his own behalf, introduce evidence on his own behalf, rebut evidence used by Savage and cross-examine her witnesses. After hearing both *205 sides of the matter, the Board voted to uphold the termination of Brandon. Brandon thereafter filed his bill of exceptions, as required by law, in order to appeal the Board's decision to the Circuit Court of Claiborne County. In addition to his appeal, he filed a separate complaint before the circuit court naming Claiborne County and four individual supervisors as defendants, asserting wrongful discharge and a violation of his rights to due process of law.
¶ 4. Brandon contends that some members of the Board are prejudiced against him because he gave information to the state auditor regarding an investigation of certain criminal matters, which caused some of those Board members to be arrested and ultimately lose their jobs. Brandon claims that, therefore, he did not receive a fair hearing and that he should not have been terminated. Brandon asked for damages in the form of reinstatement to his job as road manager and back-pay for the time lost at his job caused by Savage's unfounded accusations. Both the cause on appeal from the Board's decision to terminate Brandon and the separate cause against the county and certain individual supervisors were consolidated by the court for purposes of trial.
¶ 5. A bench trial was held in this matter. It was the decision of the trial judge to dismiss this matter and uphold the discharge of Brandon, citing that no wrongful termination or due process violations had occurred. Brandon appeals the trial judge's decision and asks this Court to review the following issues:
1. Whether the circuit court erred in its application of the law; and
2. Whether the circuit court erred in dismissing both the wrongful discharge claim and the violation of due process claim on the basis that the appellant failed to meet his burden of proof.

STANDARD OF REVIEW
¶ 6. The appropriate standard of review in an appeal from a decision by a board of supervisors is whether the decision was supported by substantial evidence. Wilkinson County Bd. of Supervisors v. Quality Farms, Inc., 767 So.2d 1007, 1010 (¶8) (Miss.2000). It is the same standard that is applied in appeals from decisions by administrative agencies and requires a finding by the reviewing court that "the board's decision was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party before it may be overturned on appeal." Id. See also Hooks v. George County. 748 So.2d 678, 680 (1111) (Miss. (¶ 11)(Miss. 1999). Substantial evidence has been defined as "such relevant evidence as reasonable minds might accept as adequate to support a conclusion or ... more than a mere scintilla of evidence." Wilkinson County Bd. of Supervisors, 767 So.2d at 1010 (¶ 8); Johnson v. Ferguson, 435 So.2d 1191, 1195 (Miss.1983).
¶ 7. As to our standard of review of the circuit court's decision to dismiss Brandon's separate claims in this case, "[w]hen a trial judge sits without a jury, this Court will not disturb his factual determinations where there is substantial evidence in the record to support those findings." Yarbrough v. Camphor, 645 So.2d 867, 869 (Miss.1994). This Court will usually affirm a decision by the trial judge sitting without a jury on questions of fact unless substantial evidence tells us that the judge was "manifestly wrong." Id. (citing Tricon Metals & Services, Inc. v. Topp, 516 So.2d 236, 238 (Miss.1987)).
¶ 8. This Court must accept all evidence which supports the findings of *206 fact of the trial judge, as well as any inferences which may be drawn therefrom. Yarbrough, 645 So.2d at 869. A reviewing court must recognize that the trial judge is the finder of facts when there is no jury and he has the "sole authority for determining the credibility of witnesses." Id.

LEGAL ANALYSIS
¶ 9. Brandon is primarily disconcerted with the circuit court's finding that he failed to meet his burden of proof in this case. Notably, however, Brandon cites no authority which would provide insight to his allegation that the circuit court misallocated the burden here. As such, we are under no obligation to address his complaint on this issue. See Ratcliff v. State, 752 So.2d 435 (¶ 7) (Miss.Ct.App. 1999); Harveston v. State, 742 So.2d 1163 (¶ 20) (Miss.Ct.App.1999); Hewlett v. State, 607 So.2d 1097, 1107 (Miss.1992). The Mississippi Supreme Court has ruled that "failure to cite any authority in support of his assignment of error precludes this Court from considering his claim on appeal." Hewlett, 607 So.2d at 1107. Although all of these cited cases are criminal in nature, the court has made no distinction between criminal and civil matters when it comes to the necessity of citing specific authority to support one's claims. While Brandon cites no case law on the particular point of burden of proof, we will go forward with a brief discussion of the same for the benefit of addressing whether the circuit court committed reversible error.
¶ 10. Brandon argues that the language used by the circuit court, that he failed to meet his burden of proof in this case, is not accurate. Brandon would suggest that he did not have to prove anything but rather, the Board should have carried the burden to prove that he was rightfully terminated and that he was afforded all due process. In fact, the Mississippi Supreme Court ruled that, in a case where a decision of a board of supervisors is challenged, it should be treated the same as a challenge to an agency decision; a reviewing court must find that the board's decision was supported by substantial evidence. Wilkinson County Bd. of Supervisors, 767 So.2d at 1010 (¶ 8, 9). In such cases involving this standard of substantial evidence, including the case at bar, "there is a rebuttable presumption in favor of the agency's [or board's] decisions; the burden of proving to the contrary is on the challenging party." Board of Law Enforcement Officers Standards and Training v. Butler, 672 So.2d 1196, 1199 (Miss. 1996) (citing Sprouse v. Mississippi Employment Sec. Comm'n, 639 So.2d 901, 902 (Miss.1994); Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1213 (Miss. 1993). Therefore, Brandon's assertions are incorrect and he did, in fact carry the burden before the circuit court, of rebutting the presumption that the Board's decision to terminate him was proper.
¶ 11. Brandon suggests that there were conflicts of interest between him and many of the Board members because of his participation in a criminal investigation by the state auditor, which ultimately led to some of the Board members' dismissals and arrests. However, the Board rebutted this conspiracy theory by getting on the stand, one by one, and telling their valid reasons for voting to dismiss Brandon from the road department. Each Board member stated that he/she voted to terminate Brandon on the basis that he/she believed the testimony of Savage and that he/she determined that Savage and her witnesses were credible. Further, they believed their decision to be proper in light of at least one other incident of sexual harassment involving Brandon as the aggressor *207 while he was serving as road manager. These were the only reasons given as to why each Board member came to the conclusion that Brandon was guilty of the harassment claims by Savage. When asked if they had any other reasons or ulterior motives for voting to terminate Brandon, such as getting even with him for his cooperation with the state auditor's investigation, they each responded in the negative. In fact, most of the Board members testified that they were not aware of Brandon's involvement in the auditor's investigation at the time that the sexual harassment claims against him were filed. Brandon provided nothing further to substantiate his claims of the Board's ploy to "get rid of him" in a less than legitimate fashion.
¶ 12. As well, the record is clear that Brandon was afforded due process of law. He was granted a full hearing by the Board; he was heard on his rebuttals to the sexual harassment claim; he was given the opportunity to call witnesses on his behalf; he was given the opportunity to testify on his own behalf; he was given the opportunity to cross-examine adverse witnesses. None of these facts are disputed by Brandon and he offers insufficient proof that his case was prejudiced by any actions on the part of the Board or the circuit court. This type of opportunity to be heard is, in our opinion, the epitome of due process.
¶ 13. Even had Brandon's claims of due process violations been warranted, we find that Brandon was an at will employee who was not protected by the laws of due process. "A protected property interest in employment exists only where the employee has an express or implied right to continued employment." White v. Mississippi State Oil and Gas Board, 650 F.2d 540, 541-42 (5th Cir.1981); McElwee v. Todd, 581 F.2d 1182, 1183 (5th Cir.1978). In Mississippi, our laws provide that county road managers in each county in Mississippi, "shall serve at the will and pleasure of the board of supervisors and may be removed from such position by a majority vote of the board." Miss.Code Ann. § 65-17-1(2) (Rev.1991).
¶ 14. Brandon attempts to circumvent this plain statutory language by arguing that he falls under one of the public policy exceptions to the at-will employee law. See McArn v. Allied Bruce-Terminix Co., Inc., 626 So.2d 603, 607 (Miss.1993). Namely, he asserts that he refused to participate in an illegal act when asked by one of the supervisors to do so and that he was discharged because he not only refused to participate, but because he reported such illegal acts by several of the supervisors to the state auditor. While these things would qualify as exceptions to an at-will employee status, thereby prohibiting an employer from firing an employee without reason, Brandon has not convinced this Court of the validity of his arguments that the Board sabotaged him in such a way. See id. As such, we are convinced that Brandon was an at-will employee who could have been terminated without cause, at any time, by the Board.
¶ 15. The decision of Brandon to proceed on two fronts, asserting essentially two separate theories of entitlement to relief, presented the circuit court with a procedural dilemma. The sole issue before the board of supervisors was the truth of the allegations of work-related sexual misconduct by Brandon (and possibly whether those allegations shown to exist constituted a sufficient basis to terminate his employment). In his separate circuit court action, Brandon alleged that he was fired in retaliation for certain "whistle-blower" activities involving members of the board of supervisors. The dilemma faced by the court arises out of the fact that an *208 appeal from the board of supervisors is properly decided on the record contained in the bill of exceptions and no new evidence may be presented at the circuit court level. Stewart v. City of Pascagoula, 206 So.2d 325, 328 (Miss.1968). This stands in stark contrast to Brandon's wrongful termination suit, which was commenced as an original action in circuit court. As to that claim, the court necessarily had to receive new information in the form of evidence. Once that evidence was received, it would appear essentially impossible for the trial court to decide either claim without having its analysis affected by matters that, from a procedural standpoint, had no relevance to the matter under consideration. However, in view of the fact that this procedural quagmire was one largely of the appellant's own making, we find it difficult to criticize the circuit court for proceeding as best it could to resolve these hopelessly intertwined issues in one proceeding. We specifically reject the contention that the court somehow erred in assessing which party had the burden of proof or burden of persuasion on the issues before the court.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR. IRVING, J., not participating.