GRIFFIS, P.J.,
for the Court:
¶ 1. Charles and Anita Gallagher appeal the ruling of the Hancock County Circuit Court that affirmed the decision of 'the City of Waveland to approve a proposed preliminary plat for a subdivision. We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶2. In 2010, KBM LLC submitted a preliminary plat for a planned subdivision in Waveland, Mississippi. KBM intended to create a seventeen-lot subdivision on an area of land between Moliere Drive and Central Avenue.
,¶3. KBM submitted the plan to the Planning and Zoning Board requesting approval of the subdivision, an extension of the cul-de-sac variance from 600 feet to 1,213 feet, and approval of an extended construction time from one year to five years.
¶ 4. The planning board approved KBM’s requests, except the planning board allowed for a two' year construction-time extension rather than the requested five years, and recommended approval of the preliminary plat to the City’s. Board of Aldermen (the “Board”).
¶ 5. On May 24, 2010, the Board held a public hearing regarding final approval of KBM’s preliminary plat. - The Gallaghers, along with others who lived along Moliere Drive, attended the hearing and opposed final approval of the preliminary plat until >KBM and the City provided further information.
¶ 6. The Gallaghers’ primarily objected to a change from KBM’s initial plan. KBM originally placed the entrance to the proposed subdivision on one side of the land,"which led onto' Central Avenue, but changed the entrance to Moliere Drive. On June 1, 2010, the Board hpproved the preliminary plat with the entrance to the subdivision on Moliere Drive.
¶ 7. On June 11, 2010, the Gallaghers and others residents on Moliere Drive[1] filed a notice of appeal and a, proposed bill of. exceptions in the Circuit .Court of Hancock County. The Gallaghers submitted a motion for a writ of mandamus.and motion to compel in order to get certain documents from the City and to get the City to either sign their proposed bill of exceptions or agree, to an amended version to continue with the appeals process, The *474 Gallaghers submitted an amended bill of exceptions to the circuit court without agreement from the City.
¶ 8. On March 13, 2011, the City filed its motion to dismiss and to strike the Gallaghers’ motion for a writ of mandamus. The circuit court issued an order on March 28, 2012, which dismissed the City’s motions and required the City and the Gallaghers to submit an agreed bill of exceptions within thirty days of the order.
¶ 9. The parties, however, could not agree. The City submitted its bill of exceptions on April 27, 2012. The Galla-ghers followed with a second amended bill of exceptions on April 30,2012.
¶ 10. The circuit court signed an agreed order on May 3, 2012, to extend the time for the parties to agree on a bill of exceptions, However, on May 17, 2012, the City submitted a motion to declare the City’s bill of exceptions as the record and a motion to strike the Gallaghers’ bills of exceptions. The circuit court, on June 18, 2012, issued an order, which adopted the City’s bill of exceptions as the record.
¶ 11. The circuit court affirmed the decision of the City and Board on January 11, 2013. The Gallaghers argue on appeal that (1) the bill of exceptions adopted by the circuit court was inadequate; (2) the Board’s approval of the preliminary plat was arbitrary and capricious; (3) the Board improperly rezoned two residential lots; (4) the Board impropei-ly approved a deficient proposed preliminary plat; and (5) the Board’s decision deprived the Galla-ghers of their statutory and constitutional due-process rights.
ANALYSIS

I. Whether this Court has subject-matter jurisdiction to hear tKe merits of this case.

¶ 12. There are two issues about this Court’s jurisdiction over this appeal. First, as is often the case in appeals such as this, the preparation and production of a record, i.e., the bill of exceptions, created a controversy. The Gallaghers maintain that the bill of exceptions adopted by the circuit court omitted several documents that require review by this Court. Second, the City argues that the Gallaghers failed to preserve any issues in this appeal when the notice of appeal omitted a statement of issues.

A. The Bill of Exceptions

¶ 13. Though neither the Galla-ghers nor the City argues this Court lacks jurisdiction regarding the bill of exceptions, “[this Court] must be constantly aware of questions of [its] jurisdiction to proceed and must be prepared to decide a question pertaining to jurisdiction at any time, even if the court must raise the issue on its own motion.” McKee v. City of Starkville, 97 So.3d 97, 100-01 (¶¶ 10-11) (Miss.Ct.App.2012) (quoting Dunaway v. Dunaway, 749 So.2d 1112, 1120 (¶ 25) (Miss.Ct.App.1999)).
¶ 14. Mississippi Code Annotated section 11-51-75 (Rev.2012) mandates that an appeal from a board decision occur “within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions.... ”
¶ 15. “The bill of exceptions serves as the record on appeal, and the circuit court may only consider the case as made by the bill of exceptions.” McKee, 97 So.3d at 100(8) (quoting Wilkinson Cnty. Bd. of Sup’rs v. Quality Farms Inc., 767 So.2d 1007, 1011 (¶ 11) (Miss.2000)). “[A] proper bill of exceptions on appeal is necessary to confer jurisdiction on the appellate court.” Wilkinson Cnty. Bd. of *475 Sup’rs, 767 So.2d at 1012 (¶ 14) (citation omitted). Further, “[a]ppellate review of an agency’s decision .is limited to the record and the agency’s findings.” Miss. Waste of Hancock Cnty. Inc. v. Bd., of Sup’rs of Hancock Cnty., 818 So.2d 326, 330(6) (Miss.2001) (citation omitted).
. ¶ 16. Similar to Wilkinson County and McKee, this case involves a dispute over the proper bill of exceptions. While the court in Wilkinson County dismissed- the appeal for lack of subject-matter jurisdiction due to a defective bill of exceptions, this Court allowed an appeal to proceed on a technically defective bill of exceptions in McKee.
1117. In McKee, this Court distinguished the case from Wilkinson County when it ruled:
While neither McKee nor the City complied with the procédural requirements set forth-in Wilkinson, the bills of exceptions filed with the circuit court contained the “pertinent and important facts and documents” and constituted “a record upon which (the court could) intelligently act.” Wilkinson, 767 So.2d at 1012 (¶ 14). Furthermore, the supreme court has previously addressed the merits of an appeal where there were two bills of exceptions before the circuit court — one filed by local residents without the mayor’s signature and another filed by the Board of Aldermen with the mayor’s signature. See Hall v. City of Ridgeland, 37 So.3d 26, 32 (¶ 17) (Miss.2010). Therefore, under these facts, we decline to dismiss for lack of subject matter jurisdiction.
McKee, 97 So.3d at 101(11).
¶18. Thus, this Court-found when the bill- of exceptions contains “all pertinent and important facts and documents,” and constitutes a complete record on which the court could -intelligently act, the appeal will not be dismissed for lack of subject-matter jurisdiction.
¶ 19. The circuit court adjudicated the question’ of the proper bill of exceptions and determined the City’s bill of exceptions contained only the information presented to the Board to which the circuit court was limited. See Byram 3 Dev. Inc. v. Hinds Cnty. Bd. of Sup’rs, 760 So.2d 841, 843(5) (Miss.Ct.App.2000) (“An appeal from a decision of the board of supervisors on a zoning matter is strictly limited to the record of what occurred before the board as contained in the bill of exceptions.”).
¶20. Because the circuit court determined the propér bill of exceptions and this Court’s review is limited, we find subject-matter jurisdiction proper and this issue without merit.
B. . The Preservation of Issues for Appeal
¶ 21. The City maintains the Gallaghers failed to preserve any issue for appeal when the notice 6f appeal did not specifically set out the issues. In support of its proposition, the City cites Mississippi Rule of Appellate Procedure • 10(b)(4), which states:
[UJnless the entire record, except -for those matters identified in (b)(3) of this Rule, is to be included, the appellant shall ..-..file a-statement of the issues the appellant intends to present on the appeal and shall serve on the appellee a copy of the designation and of the statement.
(Emphasis added).
¶ 22. -' The City misconstrues the applicability1 of Rule 10(b) when a bill of exceptions is - filed. In -this' ease,- the bill of exceptions, while not finalized until well after- the ten-day requirement for an appeal from the Board decision, served as the entire record on appeal. Based on this reading of the rule, the Gallaghers were *476 not required to file a separate statement of the issues when they appealed the'entire record,
¶ 23. This Court has found “the actual filing ■ of the bill of exceptions with the circuit court within ten days is not an absolute prerequisite to vest the court with jurisdiction as long as some formal pleading indicating an intention to appeal is filed withih ten'days.” Bowen v. DeSoto Cnty. Bd. of Sup’rs, 852 So.2d 21, 23(4) (Miss.2003).
¶ 24. Further, this Court can only address issues raised, before the Board, not issues raised on appeal for the first time. See Baker v. Bd. of Sup’rs of Panola Cnty., 113 So.3d 1266, 1269(10) (Miss.Ct.App.2013) (finding appellants waived judicial review of issue not raised béforé thé board); see also Luther Munford, Mississippi Appellate Practice § 10-24 (2006) (“The only issues that can be raised on appeal are issues that were raised before the board.”). Thus, the omission of a statement of issues by the Gallaghers- does not preclude their appeal. We find this issue is without merit.
■ II. Whether the Board’s decision to approve KBM’s preliminary plat was arbitrary. and capricious,- or against the substantial evidence.
 ¶ 25. The Gallaghers’ primary objections to' the Board’s approval of the preliminary plat involves the location of the subdivision entrance. Because several of the issues the Gallaghers raise implicate the Board’s decision, we will address the issues together. First, the Gallaghers assert the Board improperly rezoned two R-1 residential, lots. The Gallaghers t also assert that Board erred when it incorrectly interpreted city ordinances and violated the city’s comprehensive plan. Accordingly, the -Gallaghers argue the Board’s decision was arbitrary and capricious, or not supported by the- substantial evidence. -
¶ 26. “In matters involving zoning decisions by boards of supervisors, the order of the governing body will ‘not be set aside unless it is clearly shown to be arbitrary, capricious, discriminatory, or is illegal, or without a substantial evidentiaiy basis.’ ” Thomas v. Bd. of Sup’rs of Panola Cnty., 45 So.3d 1173, 1180(22) (Miss.2010) (quoting Faircloth v. Lyles, 592 So.2d 941, 943 (Miss.1991)).
¶27. “An act is arbitrary and capricious when it is done at pleasure, without reasoned judgment or with disregard for the surrounding facts and circumstances.” Nelson v. City of Horn Lake ex. rel. Bd. of Aldermen, 968 So.2d 938, 942(11) (Miss.2007) (citation omitted). “Substantial evidence has been defined as ‘such relevant evidence as reasonable minds might accept as adequate to support a conclusion’ or to put it simply, more than a ‘mere scintilla’ of evidence.” Wilkinson, 767 So.2d at 10.10(8) (quoting Johnson v. Ferguson, 435 So.2d 1191, 1195 (Miss.1983)).
¶28. The Gallaghers maintain the Board improperly rezoned two R-l lots when it approved the preliminary subdivision plat with the entrance through the R-1 lots onto Moliere Drive. The record shows the Board held public hearings on the approval of the preliminary plat, but did not hold a hearing to specifically address a zoning change to the lots. According to the Gallaghers, this constituted an invalid rezoning of the land.
¶29. This assertion, however, is inaccurate. Mississippi Code Annotated section 17-1-23(3)- (Rev.2012), which dictates regulation -of subdivisions, states: “[Wjhere a map or plat -of the subdivision is submitted to the governing authorities of a municipality, and is by them approved, *477 all streets, roads, alleys and other public ways set forth and, shown on said map or plat shall be thereby dedicated to the public use.... ” Therefore, the statute contemplates the necessity of public-use roads in subdivisions, and does not require rezoning in this instance.
¶ 30. The Gallaghers additionally contend the Board failed to abide by the City’s comprehensive plan and city ordinances when it approved the Moliere Drive subdivision entrance. However, “[l]ocal authorities’ construction of zoning ordinances is given great weight unless their construction is manifestly unreasonable.” Roundstone Dev. LLC v. City of Natchez, 105 So.3d 317, 321 (¶ 15) (Miss.2013) (citation omitted).
¶ 31. The comprehensive plan and city ordinances, the Gallaghers argue, provide that traffic should divert onto main collector streets, like Central Avenue, rather than minor streets, like Moliere Drive. Also, as the Gallaghers point out, the plan seeks to protect and maintain the existing neighborhoods in Waveland. Additionally, the Gallaghers state the preliminary plat failed to meet the requirements in city ordinance 219.
¶32. Yet the Gallaghers fail to show the City contradicted' the comprehensive plan or failed to apply ordinance 219. The plan and ordinances both focus on maintaining and protecting existing subdivisions while encouraging the development of new subdivisions, as well as account for streets within new subdivisions; The Gallaghers also could not support their assertion that KBM’s preliminary plat did not conform with the requirements of ordinance 219.
¶ 33. Finally, the Gallaghers raise the issue of whether the Board deprived them of their due-process rights when the Board failed to notice the public of the substance of the hearings on May 24 and June 1, 2010. ,The. hearings on the- preliminary plat implicated an issue of rezoning, according to the Gallaghers, which required the Board to notice the, rezoning. However, as previously addressed, the approval of the preliminary plat did not constitute a rezoning.
’¶ 34. -Based • on -these findings, - this Court cannot say the City acted in an arbitrary and capricious manner. The Board weighed the evidence before it in approving the preliminary plat, and we cannot hold the substantial evidence contradicts the Board’s decision: Further, we find the approval of the preliminary plat did not constitute an improper rezoning. For these reasons, we affirm the decision of the circuit court;
¶ 35. THE JUDGMENT OF THE CIRCUIT COURT , OF HANCOCK COUNTY IS AFFIRMED. ALU COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
, LEE, C.J., ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES AND JAMES, JJ.; IRVING, P.J., JOINS IN PART.

. In the case below, the plaintiffs were John Impson, Gwen Impson, Roy Responte, Nancy Finlasen,' Hugh Finlasen, Mary Waldrep, Oscar Waldrep, and the Gallaghers. Only the Gallaghers appealed the circuit court decision to this Court.