IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60977

_____

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

LEWIS DECARLO,

Plaintiff-Appellant

vs.

BONUS STORES, INC. D/B/A BILL'S DOLLAR STORES, INC.; JIMMY A. SCHAFER; WILLIAM FIELDS,

Defendants-Appellees

_____

Appeal from the United States District Court for
the Southern District of Mississippi

_____

Before DEMOSS, DENNIS, and OWEN, Circuit Judges.

DENNIS, Circuit Judge:

This diversity case involves two important, determinative, and unresolved questions of Mississippi state law. We therefore have determined that our proper course, in this diversity jurisdiction case in which we are to apply the law of the State of Mississippi, is to CERTIFY both issues to the Supreme Court of Mississippi.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI,

1

PURSUANT TO MISSISSIPPI RULE OF APPELLATE PROCEDURE 20.  TO THE SUPREME COURT OF MISSISSIPPI AND THE HONORABLE JUSTICES THEREOF:

## I. STYLE OF THE CASE

The style of the case in which this certificate is made is Lewis DeCarlo v. Bonus Stores, Inc. d/b/a Bill's Dollar Stores, Inc.; Jimmy A. Schafer; William Fields, Case No. 06-60977, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Mississippi.  Federal jurisdiction is based on diversity of citizenship.

## II. STATEMENT OF THE CASE

On January 10, 2002, Lewis DeCarlo filed a retaliatory discharge claim in federal court, naming as defendants his former employer, Bonus Stores, Inc. d/b/a Bill's Dollar Stores, Inc., former supervisor Jimmy Schafer, the ex-CEO of Bonus Stores, and William Fields, a member of the Board of Directors of Bonus Stores.  The plaintiff-appellant alleges that the defendants fired DeCarlo in retaliation for notifying the company about Schafer's possible criminal fraud, misappropriation and embezzlement of Bonus Stores' funds, which the plaintiff-appellant argues is a retaliatory discharge tort recognized by Mississippi's McArn exception to employment-at-will doctrine.  See McArn v. Allied Bruce-Terminix Co., Ltd., 626 So.2d 603, 607 (Miss. 1993).  The district court granted summary judgment for the defendants by concluding that McArn's retaliatory discharge tort  (1) does not protect employees who are fired for reporting illegal acts by co-employees instead of the employer; and (2) does not hold liable individual defendants, i.e., co-employees that ratified the retaliatory discharge.  Subsequently, the plaintiff-appellant filed a Rule 59(e) motion to alter or amend the judgment.  The district court denied the motion, and DeCarlo now appeals that denial.  While we usually review a denial of a Rule 59(e)

2

motion under an abuse of discretion standard, if the appellant is clearly appealing the entire case solely with regards to questions of law, we construe the appeal as concerning the merits of the summary judgment, which we review de novo. Fletcher v. Apfel, 210 F.3d 510, 512 (5th Cir. 2000). Accordingly, we review de novo in this case.

According to DeCarlo, the district court improperly construed the cause of action under McArn too narrowly without any basis in Mississippi law and failed to cite to the Mississippi Supreme Court's two Willard cases, which DeCarlo alleges implicitly extend McArn to his situation. See Willard v. Paracelsus Health Care Corp., 681 So.2d 539, 541 (Miss. 1996) ("Willard I"); Paracelsus Health Care Corp. v. Willard, 754 So.2d 437, 443 (Miss. 1999) ("Willard II"). In Willard I and Willard II, the Mississippi Supreme Court arguably extends McArn to a factual situation very similar to this case: a suit against both the company and the individual supervisor over the alleged retaliatory termination for reporting illegal activities, i.e., embezzlement, of a co-employee. Id. Therefore, DeCarlo requests that issues (1) and (2) be certified as questions for the Mississippi Supreme Court. We agree and certify both questions to the Mississippi Supreme Court. The second issue would be moot if the Supreme Court of Mississippi decides against the plaintiff-appellant on the first issue.

Both parties acknowledge the lack of any Mississippi Supreme Court decision that directly resolves these issues. In McArn, the Mississippi Supreme Court established a common-law tort of retaliatory discharge. "[A]n employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer." McArn, 626 So. 2d at 607. In this case, while the reported illegal acts are not of the corporate employer, the illegal acts, i.e., possible embezzlement, do affect the employer's business and

3

third-parties, such as the stockholders.  Some Mississippi cases indicate a willingness to extend the McArn exception to reports of illegal activities that relate to the business even if those activities are not corporate actions. See, e.g., Jones v. Fluor Daniel Servs. Corp., 959 So.2d 1044, 1047 (Miss. 2007) ("As in McArn, the 'reporting of illegal acts' exception to the at-will employment doctrine has been applied only when the illegal act actually had something to do with the business itself.") (emphasis added); Willard II, 754 So. 2d at 444 ("The prevention of terminations such as that of [plaintiffs] is necessary to promote and encourage employees like Willard and Sumner, who take an active interest in the well-being of the companies that employ them.") (emphasis added);  Senseney v. Mississippi Power Co., 914 So.2d 1225, 1228 (Miss. Ct. App. 2005) ("In [McArn], the court established a public policy exception to the doctrine, allowing an employee fired for refusing to follow the employer's directive to do illegal activity or for exposing illegal activity in the workplace to bring a wrongful termination action.") (emphasis added); Brandon v. Claiborne County, 828 So.2d 202, 207 (Miss. Ct. App. 2001) (acknowledging that reporting illegal acts by several supervisors "would qualify as [an] exception[] to an at-will employee status."); McCrory v. Wal Mart Stores, Inc., 755 So.2d 1141, 1143 (Miss. Ct. App. 1999) ("Thus, in the case of [McArn], the court held that an at will employee who is terminated for refusing to obey a directive to do an illegal act, or who is terminated for exposing illegal activity at the workplace, may, on grounds of public policy, bring a wrongful termination action as a sort of private reward system for resisting unlawful activity that might otherwise go undiscovered.") (emphasis added).  Moreover, such an extension of McArn arguably fits within the broader public policy purposes underlying McArn's recognition of this tort, since co-employees' illegal activities at the workplace do affect the company and related public third-parties, such as stockholders.  McArn, 626 So.2d at 607

4

("[The] [McArn exception applies] where the illegal activity either declined by the employee or reported by him affects third parties among the general public. . . ."). Since the Mississippi authorities have not directly ruled on whether McArn should be so extended, we decide to certify this question.

For the second issue regarding individual liability for retaliatory discharge torts, in McArn, the Mississippi Supreme Court stated that an employee who asserts a retaliatory discharge claim is "not barred by the employment at will doctrine from bringing action in tort for damages against his employer." 626 So. 2d at 607 (emphasis added). No Mississippi court has directly addressed whether the at-will doctrine bars action against individual defendants who participate in the retaliatory decision to terminate an employee within the course and scope of their employment.[1] Other state court decisions are split on this exact issue of individual liability for retaliatory discharge torts.

At least three states, West Virginia, New Jersey, and Pennsylvania, permit individual liability for the tort of wrongful retaliatory discharge for individuals who personally participate in the discharge "as the principal protagonist" even if the individual was acting within the scope of his employment. See Ballinger v. Delaware River Port Auth., 800 A.2d 97, 110 (N.J. 2002) (describing rule in New Jersey and Pennsylvania); Harless v. First Nat'l Bank, 289 S.E.2d 692, 698–99 (W. Va. 1982) ("The discharge serves to fix responsibility on the employer but this does not mean that another employee who has been the principal protagonist in obtaining the employee's discharge would not also be liable."). This individual liability even extends to persons who

---

[1] DeCarlo concedes the main individual defendant who discharged him was acting within the scope and course of his employment. See Appellant's Brief, at 22 ("There can be no dispute that Schafer was acting within the scope and course of his employment as CEO of Bonus Stores when he fired DeCarlo.").

participate in the decision, but did not actually fire the plaintiff. Id.

On the other hand, other state courts would deny individual liability in this case, because (1) individual liability could be imposed only if the employee acted outside of the scope of his employment and in his own interest, see Bourgeous v. Horizon Healthcare Corp., 872 P.2d 852, 855-56 (N. M. 1994), which is not the case here; or (2) the tort of retaliatory discharge was intended only to impose liability on the corporate entity itself and not individual defendants, see Rebarchek v. Farmers Co-Op. Elevator, 35 P.3d 892, 903 (Kan. 2001); Reno v. Baird, 957 P.2d 1333, 1347 (Cal. 1998); Buckner v. Atl. Plant Maint., Inc., 694 N.E.2d 565, 569 (Ill. 1998) ("[T]he power to hire and fire employees is ultimately possessed only by the employer. Consequently, the tort of retaliatory discharge may be committed only by the employer. The agent or employee who carries out the employer's decision to fire will not be subject to personal liability for retaliatory discharge.").[2]    As a split in state court authority exists, and no Mississippi Supreme Court opinion has directly addressed this issue, we also decide to certify this issue.

## III. QUESTIONS CERTIFIED

Whether the laws of Mississippi permit a retaliatory discharge claim for discharge in retaliation for reporting a co-employee's illegal acts that relate to the employer's business?

If the previous question is resolved in favor of the plaintiff-appellant: whether the laws of Mississippi allow for individual liability for the tort of retaliatory discharge even if the individual defendant's participation in the discharge was in the course and scope of his employment?

We disclaim any intention or desire that the Supreme Court of Mississippi

---

[2] The Buckner case resolved the contrary positions on this issue taken by two previous conflicting state intermediate appellate decisions in Illinois. 694 N.E. 2d at 570.

6

confine its reply to the precise form or scope of the question certified. The answer provided by the Supreme Court of Mississippi will determine the issues on appeal in this case. The record in this case, together with the copies of the parties' briefs, is transmitted herewith.

The panel retains cognizance of the appeal in this case pending response from the Supreme Court of Mississippi, and the Court hereby certifies to the Supreme Court of Mississippi the above questions of law.

QUESTIONS CERTIFIED TO THE SUPREME COURT OF MISSISSIPPI.