IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2008

Charles R. Fulbruge III
Clerk

————————————

No. 06-60977

————————————

LEWIS DECARLO,

Plaintiff-Appellant

vs.

BONUS STORES, INC. D/B/A BILL'S DOLLAR STORES, INC.; JIMMY A.
SCHAFER; WILLIAM FIELDS,

Defendants-Appellees

————————————————————————————

Appeal from the United States District Court for
the Southern District of Mississippi
Case No. 2:03-CV-00011

————————————————————————————

Before DEMOSS, DENNIS, and OWEN, Circuit Judges.
PER CURIAM:[*]

In this retaliatory discharge case, we certified to the Mississippi Supreme
Court two questions regarding Mississippi's McArn exception to the
employment-at-will doctrine. The Mississippi Supreme Court has now answered
both questions, and we now remand the case for further proceedings in
accordance with the Mississippi Supreme Court's opinion. For the following

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

reasons, we AFFIRM in part, VACATE in part, and REMAND this case to the district court.

I.

On January 10, 2002, Lewis DeCarlo filed a retaliatory discharge claim in federal court, naming as defendants (a) his former employer, Bonus Stores, Inc. d/b/a Bill's Dollar Stores, Inc., (b) former supervisor Jimmy Schafer, the ex-CEO of Bonus Stores, and (c) William Fields, a member of the Board of Directors of Bonus Stores. DeCarlo alleges that the defendants fired him in retaliation for notifying the company about Schafer's possible criminal fraud, misappropriation, and embezzlement of Bonus Stores' funds. He claims that this constitutes a retaliatory discharge tort recognized by Mississippi's McArn exception to employment-at-will doctrine. See McArn v. Allied Bruce-Terminix Co., Ltd., 626 So.2d 603, 607 (Miss. 1993). The district court granted summary judgment for the defendants by concluding that McArn's retaliatory discharge tort: (1) does not protect employees who are fired for reporting illegal acts by co-employees instead of the employer; and (2) does not hold liable individual defendants, i.e., co-employees, that ratified the retaliatory discharge. Subsequently, DeCarlo filed a Rule 59(e) motion to alter or amend the judgment. The district court denied the motion, and DeCarlo now appeals that denial. While we usually review a denial of a Rule 59(e) motion under an abuse of discretion standard, if the appellant is clearly appealing the entire case solely with regards to questions of law, we construe the appeal as concerning the merits of the summary judgment, which we review de novo. Fletcher v. Apfel, 210 F.3d 510, 512 (5th Cir. 2000). Accordingly, we review this case de novo.

According to DeCarlo, the district court improperly construed the cause of action under McArn too narrowly without any basis in Mississippi law and failed to cite to the Mississippi Supreme Court's two Willard cases, which DeCarlo

alleges implicitly extend McArn to his situation. See Willard v. Paracelsus Health Care Corp., 681 So. 2d 539, 541 (Miss. 1996) ("Willard I"); Paracelsus Health Care Corp. v. Willard, 754 So. 2d 437, 443 (Miss. 1999) ("Willard II"). Therefore, DeCarlo requests that issues (1) and (2) be certified as questions for the Mississippi Supreme Court. We agreed and certified the following questions to the Mississippi Supreme Court:

> (1) Whether the laws of Mississippi permit a retaliatory discharge claim for discharge in retaliation for reporting a co-employee's illegal acts that relate to the employer's business?
>
> (2) If the previous question is resolved in favor of the plaintiff-appellant: whether the laws of Mississippi allow for individual liability for the tort of retaliatory discharge even if the individual defendant's participation in the discharge was in the course and scope of his employment?

DeCarlo v. Bonus Stores, Inc., 512 F.3d 173 (5th Cir. 2007).

The Mississippi Supreme Court has now answered both questions. DeCarlo v. Bonus Stores, Inc., --- So.2d ----, 2008 WL 2762001 (Miss. July 17, 2008) (published). For the first question, the Mississippi Supreme Court concluded: "we answer the first certified question by stating that the laws of Mississippi . . . permit a retaliatory discharge claim for discharge in retaliation for reporting a co-employee's illegal acts that relate to the employer's business." Id. at *6. For the second question, the Mississippi Supreme Court stated: "we answer the second certified question by finding that the laws of Mississippi do not allow for individual liability for the tort of retaliatory discharge even if the individual defendant's participation in the discharge was in the course and scope of the individual defendant's employment." Id. at *7.

## II.

The Mississippi Supreme Court's answer to our certified questions fully

3

resolves this appeal. Because Mississippi laws do not allow for individual liability for the tort of retaliatory discharge, we therefore AFFIRM the district court's dismissal of the two individual defendants, Jimmy A. Schafer and William Fields. However, in light of the Mississippi Supreme Court's answer, we find that the district court erred in also dismissing the corporate employer, Bonus Stores, on the ground that Mississippi law only permits retaliatory discharge claims for reporting the corporate employer's, and not a co-employee's, illegal acts. As the Mississippi Supreme Court has now clarified, under Mississippi law, corporate employers can also be liable for a discharge of an employee in retaliation for reporting a co-employee's illegal acts that relate to the employer's business. The dismissal of Bonus Stores is thereby VACATED. We now REMAND this case to the district court for further proceedings in accordance with this opinion.