**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2009

Charles R. Fulbruge III
Clerk

No. 09-60170
Summary Calendar

DEBORAH ELLIS, ET AL

Plaintiffs - Appellants

v.

MISSISSIPPI DEPARTMENT OF HEALTH, ET AL

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:07-CV-81

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiffs brought suit against the Mississippi Department of Health and thirteen of its employees in their official and individual capacities alleging constitutional violations stemming from three separate warrantless searches of the Susie M. Brooks Child Care Facility by the Mississippi Department of Health (MSDH). The searches were conducted pursuant to Mississippi statute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

permitting inspections of child care facilities.[1] The district court granted the defendants' motion to dismiss under Rule 12(b)(6) on the grounds of qualified immunity and denied the plaintiffs' motion for reconsideration. The plaintiffs appeal the district court's ruling dismissing the claims against the defendants in their individual capacities only. For the reasons set forth below, we agree with the district court and affirm.

We review a district court's decision on a 12(b)(6) motion to dismiss de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[2] Likewise, the review of a motion to alter or amend judgment under Rule 59(e) is reviewed de novo to the extent that the ruling was a reconsideration of a question of law.[3]

When, as in this case, a defendant raises the defense of qualified immunity the plaintiff must satisfy a two-prong test: "First, he must claim that the defendants committed a constitutional violation under current law. Second he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of."[4] The district court rightfully found that the searches were permitted under *New York v. Burger*, which permitted administrative searches of pervasively regulated industries if they met certain criteria.[5] Thus there was not a constitutional violation under current law.

---

[1] MISS. CODE ANN. § 43-20-15.

[2] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).

[3] *DeCarlo v. Bonus Stores, Inc.*, 512 F.3d 173, 175 (5th Cir. 2007).

[4] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citations omitted).

[5] 482 U.S. 691 (1987).

Plaintiffs first ask us to overrule *Burger*. We recognize this argument is made to preserve the issue for appeal as this court is bound by Supreme Court precedent.[6]

In the alternative, plaintiffs claim that the licensing laws do not meet the standards of *Burger* as they do not provide an adequate substitute for a warrant. Under *Burger*, a warrantless administrative search of a pervasively regulated business is constitutionally permitted if: 1) there is a substantial government interest that informs the regulatory scheme pursuant to which the inspection is made; 2) the inspection is necessary to further the regulatory scheme; and 3) the statutory or regulatory scheme provides a constitutionally adequate substitute for a warrant.[7] The plaintiffs claim the third prong of this test is not met as the statute permits inspections by the agency "as often as deemed necessary."[8] The district court's analysis on this issue is thorough and correct. The statutes provided notice to licensed facilities of possible inspections and the agency officials were limited to searches within the scope of their narrowly defined duties.[9] Under *Burger* and this court's subsequent applications, the searches were constitutionally adequate.[10]

---

[6] *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989)

[7] *U.S. v. Castelo*, 415 F.3d 407, 409-10 (5th Cir. 2005) (citing *Burger*, 482 U.S. at 702-03).

[8] M ISS. CODE ANN. § 43-20-15.

[9] *Id.*

[10] *See United States v. Castelo*, 415 F.3d at 411 (discussing limitations on searches by Mississippi Department of Transportation officials); *see also Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629 (5th Cir. 2000). The plaintiffs' claim that the holding of *Beck* turned on the fact that language stating searches were permitted "on demand" had not yet been added to the statute at issue. The plaintiffs misread the opinion. Rather, the opinion was merely careful to point out which language would be considered as there had been subsequent amendments. It did not suggest that the later addition of "on demand" would have led to a different outcome.

Additionally, even if this were a close case, the district court was correct in finding that the plaintiffs had not carried the burden of proof in demonstrating that the agency employees' actions were objectively unreasonable.

The district court's rulings are AFFIRMED.