GRIFFIS, J.,
for the Court:
¶ 1. Mississippi Department of Employment Security (MDES) and Tina L. Darby appeal the order of the Circuit Court of Yalobusha County, which reversed a decision of the MDES Board of Review. The Board of Review ruled that Darby had voluntarily quit her job for good cause and was, therefore, entitled to unemployment benefits. On appeal, the circuit court reversed the decision of the Board of Review holding that the Board of Review failed to consider all of the evidence and that its decision was not based on substantial evidence.
FACTS
¶ 2. Trent L. Howell, PLLC (the firm) is a law office located in Water Valley, Mississippi. Trent Howell (Trent) and his wife, Shelley, work at the firm. The only other employee during the time giving rise to this appeal was Darby. Darby first began working as a legal assistant for the firm when she was eighteen years old, and she stayed with the firm until she was twenty-nine years old. Over time, an “office flirtation” developed between Trent and Darby. In fact, Trent wrote Darby a letter expressing his feelings toward her. *829 Offended by Trent’s letter, Darby was ready and willing to quit her job, but after meeting with Trent and his wife (collectively, the Howells) and receiving an apology from Trent, Darby decided to stay.
¶ 3. Following the meeting between the Howells and Darby, three occurrences took place that Darby claimed to be harassment: a phone call to her dentist, an uninvited visit to Darby’s house, and a phone call to her beautician. She claims these occurrences ultimately forced her to quit her job. Each of these occurrences took place within two months of the reconciliation meeting between the parties.
¶ 4. The first phone call that Darby complains of was made by Trent to Darby’s dentist. Trent claimed that he was searching for Darby because she had failed to pick up some files from work. The uninvited visit by Trent to Darby’s house was made in order to retrieve files that Darby had failed to turn in to the chancery clerk’s office-a duty that Darby normally undertook. The second phone call placed by Trent was made to Darby’s beautician. Trent placed this call after seeing a car similar to Darby’s outside of the parlor and after Darby had called into work because she was sick. It was after learning about this second phone call that Darby decided to leave her employment with the firm.
¶ 5. In October 2007, after voluntarily leaving her position at the firm, Darby filed for unemployment benefits. An investigation was conducted by MDES to determine Darby’s eligibility. After speaking with both interested parties, the claims examiner recommended disqualification of unemployment benefits because Darby had failed to show good cause for voluntarily leaving her employment.
¶ 6. Darby appealed the decision of the claims examiner, and after a telephonic hearing before the administrative judge, Darby was denied benefits once again. After listening to Darby, Trent, and witnesses for both parties, the administrative judge found that Darby had failed to prove that she had left her employment for good cause, and the administrative judge affirmed the decision of the claims examiner. Following this decision, Darby filed an appeal to the Board of Review.
¶ 7. The Board of Review agreed with and adopted the administrative judge’s findings of fact; however, the Board of Review also made additional findings that allowed Darby to qualify for benefits. The Board of Review found that Trent’s conduct following the reconciliation meeting between the parties constituted a form of harassment which created an offensive work environment. Thus, the Board of Review was of the opinion that Darby had good cause for quitting her employment.
¶8. The firm appealed the Board of Review’s decision to the circuit court. After reviewing the record and briefs submitted by both parties, the circuit court reversed the decision of the Board of Review. The circuit court found that, after the reconciliation meeting between Darby and the Howells, the record failed to show how Trent’s behavior toward Darby had created an offensive work environment. The circuit court found that the decision of the Board of Review was not supported by substantial evidence; thus, the circuit court reinstated the decision of the administrative judge.
STANDARD OF REVIEW
¶ 9. “An agency’s conclusions must remain undisturbed unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights.” Maxwell v. Miss. Employment *830 Sec. Comm’n, 792 So.2d 1081, 1082 (¶7) (Miss.Ct.App.2001). Upon judicial review, “the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.” Miss.Code Ann. § 71-5-531 (Supp.2009).
¶ 10. “Substantial evidence” is that which is relevant and capable of supporting a reasonable conclusion, or more than a mere scintilla of evidence. Gilbreath v. Miss. Employment Sec. Comm’n, 910 So.2d 682, 686 (¶ 13) (Miss.Ct.App.2005). In addition, “[a] rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise.” Allen v. Miss. Employment Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994).
¶ 11. A circuit court serves as a reviewing court in appeals from administrative agencies. Walters v. Miss. Dep’t of Econ. and Cmty. Dev., 768 So.2d 893, 895 (¶8) (Miss.2000). Therefore, its scope of review is restricted to the findings of the agency. Id. In review of an agency’s decision the circuit court is not serving as an initial fact-finder, but rather as an intermediate appellate court. Bd. of Law Enforcement Officers Standards and Training v. Butler, 672 So.2d 1196, 1199 (Miss.1996). As a result, decisions of the lower court are not due the same deference as if it were sitting as a trial court. Id. When an administrative agency’s decision is based on substantial evidence, then its ruling is binding upon any appellate court, such as, the circuit court and this Court. Wilkinson County Bd. of Supervisors v. Quality Farms, Inc., 767 So.2d 1007, 1010 (¶ 9) (Miss.2000).
ANALYSIS
¶ 12. MDES and Darby first argue that the circuit court erred when it found the Board of Review’s decision was not supported by substantial evidence. The Board of Review considered the evidence presented. The Board of Review was solely responsible for evaluating the credibility of the testimony and the supporting documentation. Because the Board of Review based its findings on the evidentiary record, we find that the circuit court was outside its scope of authority when it reweighed the evidence of the case.
¶ 13. The issue here was whether Darby left her employment with Trent’s law firm because he had created an offensive work environment by sexually harassing her. The Board of Review made several factual findings. First, Trent wanted a personal relationship with Darby. Second, Trent wanted a sexual relationship with Darby. Third, Trent interfered with Darby’s personal life and affairs by (a) telling her not to marry her flaneé, (b) questioning her whereabouts during her personal time, and (c) meddling in Darby’s personal affairs or appointments.
¶ 14. The circuit judge reviewed the facts and determined that the firm was not liable for creating an offensive work environment for Darby. The circuit judge concluded that a mere “office flirtation” existed between Trent and Darby. Specifically, the circuit judge utilized Trent’s testimony as his primary basis to conclude that an office flirtation existed between Trent and Darby. Darby testified she did not flirt with Trent at any time during her employment. In fact, Darby testified that she communicated to Trent that she was not interested in a romantic or sexual relationship with him. Furthermore, Darby told Trent she would find another job if he did not stop his romantic advances toward her.
¶ 15. The Board of Review found Trent’s love letter to Darby was substan *831 tial evidence for her claim. Trent’s self-authored letter supported the following conduct: (1) he propositioned Darby for sex; (2) he propositioned Darby for a romantic relationship; (3) he questioned Darby’s whereabouts and activities that were not work related; and (4) he admitted that he knew his feelings for Darby were his personal problem. The Board of Review indicated that Trent’s love letter led to the reasonable conclusion that Trent was sexually harassing Darby.
¶ 16. Since the Board of Review held this evidence to be substantial, the standard of review for appellate review of an agency’s decision dictates that the circuit court cannot reevaluate the testimony and documentation deemed as the basis of the Board of Review’s findings in this case. Watters, 768 So.2d at 895 (¶ 8).
¶ 17. The circuit judge disagreed with the Board of Review’s finding that Trent had consistently meddled and interfered in Darby’s personal life and affairs. Again, the record points to specific instances in which Trent’s conduct would have been reasonably offensive to Darby’s ability to continue work.
¶ 18. Trent stepped outside his scope as Darby’s employer and began to interfere in her personal life. He testified that when he came to Darby’s home he questioned and criticized her relationship with Mike Hill, her fiancé. Trent testified he still believes Hill was not the right man for Darby. Further, Trent admitted he had called Darby’s hairdresser and dentist to verify her whereabouts when she took personal time off of work. In addition, Hill provided evidence that Trent meddled and interfered in Darby’s personal life. Hill testified that he witnessed Trent’s altercation with Darby at her home. The record contains substantial evidence to support the Board of Review’s finding.
¶ 19. Because the Board of Review is the ultimate fact-finder in unemployment-compensation cases, the circuit court was acting outside his scope of authority by reweighing the facts. Butler, 672 So.2d at 1199.
¶ 20. The dissent cites the appropriate standard of review. However, the dissent does not follow the authority cited. Indeed, the dissent fails to consider the Board of Review as the ultimate finder of fact and does not give the appropriate deference to the Board of Review’s findings. It matters not what the circuit court judge found; instead, wq must review the Board of Review’s findings.
¶ 21. We conclude that the circuit court improperly applied the three-prong test from Loftin-Boggs v. City of Meridian, 633 F.Supp. 1323 (S.D.Miss.1986), a federal court decision, to determine whether there was substantial evidence to support why Darby had voluntarily left her employment. The circuit court should have used the test defined by the Mississippi Supreme Court in Hoemer Boxes, Inc. v. Mississippi Employment Security Commission, 693 So.2d 1343, 1348 (Miss.1997). There, the supreme court defined the type of offensive behavior or work environment that a claimant would need to experience for his or her claim to be valid for unemployment compensation benefits. Id. at 1347. An employee who is sexually harassed within the workplace is entitled to unemployment-compensation if “an ordinary prudent employee would leave the ranks of the employed for the unemployed” because of a specific degree of harassment. Id. at 1348. The Mississippi Supreme Court has held sexual harassment in the workplace as a valid reason for an employee to voluntarily terminate his or her employment under the statutory guidelines of Mississippi Code Annotated section 71-5-513(A)(3)(a) (Supp.2009).
*832 ¶ 22. In Hoemer Boxes, the claimant left her job because she was constantly sexually harassed by a co-worker. Hoer-ner Boxes, Inc., 698 So.2d at 1348. The claimant did not initiate, participate, or encourage any sexual advances from her co-worker. Id. at 1847. Also, she did not have a questionable or personal relationship with any co-worker or supervisor from the company. Id.
¶ 23. The supreme court applied the following test to evaluate whether substantial evidence supported that Board of Review’s decision: (1) was there a hostile work environment that a reasonable person in the same situation would be unable to perform his or her job, and eventually leave his or her and job and (2) was there any conduct by the plaintiff in which she participated or contributed to the sexual overtones and harassment encountered that would make the treatment received unhostile. Id.
¶ 24. In contrast, Loftm-Boggs involved a claimant who had contributed to the sexual harassment among co-workers in her office. Loftin-Boggs, 633 F.Supp. at 1324. The plaintiff admitted that she had used profanity, initiated sexually related discussions with co-workers during work hours, and participated in a questionable relationship with a supervisor. Id. Since she clearly contributed to the sexual nature of the workplace, the federal court held that she had failed to prove she was sexually harassed to such a nature that she was forced to leave her position. Id. at 1328. The following three-prong test was established: (1) submission to sexual favors or advances was explicitly or implicitly a condition of employment, (2) submission to or rejection of advances was used as a basis for employment decisions, or (3) such conduct had the purpose or effect of interfering with employment. Id. at 1326.
¶25. Here, the circuit court erred by using the Loftin-Boggs test to evaluate whether substantial evidence was present to support the Board of Review’s finding. The supreme court’s decision in Hoemer Boxes is more factually related to this case because the record contains substantial evidence to support the Board of Review’s finding of an environment of harassment.
¶ 26. For these reasons, we reverse the judgment of the circuit court and reinstate the Board of Review’s decision. Darby proved by substantial evidence that she had good cause to leave her employment with the firm due to harassment, under Mississippi Code Annotated section 71-5-513(A)(1)(c) (Supp.2009). The circuit court’s reversal of the Board of Review’s decision overlooked the substantial evidence in the record that Trent’s sexual harassment of Darby constituted an offensive work environment and fails to apply the correct standard to determine whether the harassment encountered was to such a degree that it qualified as valid cause to voluntarily terminate her employment.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY IS REVERSED, AND A JUDGMENT IS RENDERED TO REINSTATE THE DECISION OF THE MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY.
LEE AND MYERS, P.JJ., ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY ISHEE, J. ISHEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J.