CARLTON, J., DISSENTING:
 

 ¶ 33. I respectfully dissent. The issue in this case pertains to whether Alston presented sufficient proof of good cause to leave work. Upon review of the record and applicable precedent, I submit that Alston met his burden of showing that his departure was based upon good cause, and, therefore, he should not be denied unemployment benefits.
 
 [10]
 

 See
 

 Miss. Code Ann. § 71-5-513
 
 (A)(1)(c) (Supp. 2016) (employee bears burden of proving employee has left work for good cause). Alston claims that he was constructively discharged, and that he possessed good cause to leave work due to intolerable work conditions.
 

 ¶ 34. The record reflects that Alston was forced to siphon gas with his mouth from the gas tank of a truck, a coworker put a dead snake in his truck, and while driving a truck with Alston as a passenger, that same coworker caused Alston to spill hot coffee on himself. Also, another coworker threatened to fight Alston, and his supervisor told other employees Alston's personal medical information and spread rumors to other employees that Alston had HIV.
 

 ¶ 35. The MDOT, Alston's employer, does not dispute that the harassing conduct occurred; however, MDOT argues that corrective action was taken against the employees found to be in violation of MDOT's policies regarding their interactions with Alston. MDOT claimed that each incident was resolved to Alston's stated satisfaction at that time. MDOT further alleged that Alston had received multiple warnings and a suspension from work based on his own behavior. MDOT stated that Alston's violations of MDOT policies left him subject to dismissal, but MDOT chose to give Alston an opportunity to correct his behavior rather than dismiss him. MDOT also claimed that Alston informed other employees that he had accepted another job since it provided a new opportunity with better hours and more money.
 

 ¶ 36. However, I submit that Alston was not required to work under such intolerable conditions or return to work where such an invasion of his private medical information had already occurred, clouding his ability to continue under such stigmatized circumstances.
 

 ¶ 37. Based upon the foregoing, I respectfully dissent.
 

 IRVING AND GRIFFIS, P.JJ., AND WESTBROOKS, J., JOIN THIS OPINION.
 

 See
 

 Sherman v. Miss. Emp't Sec. Comm'n
 
 ,
 
 989 So.2d 398
 
 , 401-02 (¶¶ 9-10) (Miss. 2008) (finding good cause for leaving job due to refusal to price gouge after Hurricane Katrina);
 
 Hoerner Boxes Inc. v. Miss. Emp't Sec. Comm'n
 
 ,
 
 693 So.2d 1343
 
 , 1347 (Miss. 1997) (addressing good cause and finding that sexual harassment constituted good cause);
 
 Miss. Dep't of Emp't Sec. v. Trent L. Howell PLLC
 
 ,
 
 46 So.3d 827
 
 , 831-32 (¶¶ 21-26) (Miss. Ct. App. 2010) (finding sexual harassment constituted good cause).